NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HERMES EDUARDO ESPINOSA-HERNANDEZ; et al.,

Petitioners,

v.

PAMELA J. BONDI, Attorney General,

Respondent.

No. 24-5328

Agency Nos. A240-742-783
A240-742-784
A240-742-781
A240-742-785

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Hermes Eduardo Espinosa-Hernandez and his family, citizens of Colombia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal of the Immigration Judge's ("IJ") denial of asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

1.    Substantial evidence supports the BIA's determination that Petitioners failed to demonstrate a nexus between the harm they suffered and a statutorily protected ground. Although the IJ found Espinosa credible and acknowledged serious harm—including threats, an assault, and the murder of his father—the record does not compel the conclusion that this harm occurred "on account of" Espinosa's family membership. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The BIA reasonably concluded that the threats and violence were motivated by greed and by a desire to stop Espinosa's efforts to investigate the murder of his father and the disappearance of his cousins, not by his familial relation to his father. For example, Espinosa's six siblings, including the mother of his missing nephews, safely reside in Columbia.

2.    To qualify for withholding of removal, Petitioners must prove it is "more likely than not" that they will be persecuted on account of a statutorily-protected ground. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). Because substantial evidence supports the BIA's finding of a lack of nexus on the asylum claim, the record does not compel a finding of nexus on the withholding of removal

2

claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that a petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal).

3.　　Substantial evidence also supports the denial of CAT relief.  To qualify for CAT protection, an applicant must show that it is more likely than not that they would be tortured with the consent or acquiescence of a public official.  *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  Petitioners failed to meet this burden.  Although they submitted country-conditions evidence describing generalized violence and corruption in Colombia, they offered no evidence showing that they personally face a particularized risk of torture or that government officials would be complicit in such harm.  Generalized country conditions, without more, are insufficient.  *See Delgado-Ortiz v. Holder,* 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (holding that "petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient" to establish eligibility for relief under CAT).

**PETITION DENIED.**